AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

## For The District of Columbia

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>V.<br><br>**MICHAEL DWAYNE LOGAN**<br><br>DOB: X/XX/XXXX<br><br><br>(Name and Address of Defendant) | **CRIMINAL COMPLAINT**<br><br><br>CASE NUMBER: |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 24, 2007, in the District of Columbia, and elsewhere the defendant did, (Track Statutory Language of Offense)

See Attached Affidavit

in violation of Title __18__ United States Code, Section(s) __2319 (B)__.

I further state that I am <u>Cynthia Paige Pinson, Special Agent with the Federal Bureau of Investigation</u>, and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Cynthia Paige Pinson, Special Agent
Federal Bureau of Investigation

AUSA, Sherri L. Schornstein (202) 514-6956
Sworn to before me and subscribed in my presence,

_____         at   Washington, D.C.
Date                                                                              City and State

_____              _____
Name & Title of Judicial Officer                          Signature of Judicial Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MISC. NO.** |
| | : | |
| v. | : | VIOLATIONS: 18 U.S.C. § 2319B |
| | : | (Unauthorized recording of |
| **MICHAEL DWAYNE LOGAN** | : | Motion pictures in a Motion |
| Defendant. | : | picture exhibition facility) |
| | : | |

## AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

I, Cynthia Paige Pinson, being duly sworn according to law, depose and say:

1. Your affiant is a Special Agent with the Federal Bureau of Investigation ("FBI") in Washington, D.C. I have been a Special Agent with the FBI for over five years. I am currently assigned to the Washington Field Office ("WFO") Computer Crimes Squad, the primary mission of which is to investigate crimes involving the exploitation of emerging technologies, by criminal elements, that seek to engage in the theft of Intellectual Property or to defraud U.S. Industries and consumers. I have received training in general law enforcement and in specialized areas including computer and white-collar crimes. In addition, I hold a Bachelors degree in Industrial Engineering from the Georgia Institute of Technology (Georgia Tech) and a Masters degree in Business Administration from Georgia State University. I have worked with the computer security center within Georgia Tech and I have taught numerous courses involving Internet software. I have drafted affidavits in support of both arrest and search warrants that have led to the arrest of multiple felons and the recovery of crucial evidence. Your Affiant also has experience with counterfeit DVD movies and counterfeit music CDs.

2. This affidavit is in support of an application for an arrest warrant for MICHAEL DWAYNE LOGAN ("LOGAN"). As provided below, there is probable cause to believe that LOGAN did unlawfully record a movie that was being shown in a motion picture exhibition facility, in violation of Title 18, United States Code, Section 2319B. The victim of this criminal conduct is a member company of the Motion Pictures Association of America (MPAA).

3. This affidavit is based in part upon audio and visual surveillance and other information gathered during the investigation. The information contained herein is based on my personal knowledge and experience, as well as information provided to me by other law enforcement personnel who have participated in the investigation described in this affidavit, law enforcement personnel who have particular expertise in the subject matters of this investigation, and by industry experts. This affidavit does not contain all of the information known to me regarding this investigation. Your affiant has included in this affidavit facts which she believes are sufficient to support a probable cause finding for the issuance of the requested warrant and does not purport to include each and every matter of fact observed or known to me or other law enforcement agents involved in this investigation.

**DETAILS OF THE INVESTIGATION**

4. In November, 2007, a Covert Anti-Camcording System (CACS) was placed in several movie theaters in the metropolitan Washington, D.C. area as part of an ongoing investigation by the Motion Picture Association of America concerning the illegal recording of copyright protected movies. As part of this investigation a CACS was placed in the movie theaters of the Regal Cinemas 14, located at 701 7th Street, NW, Washington, D.C., based on intelligence that first run movies were being illegally recorded in that location. This movie theater is a "Motion picture exhibition facitity" as defined in 17 U.S.C. § 101.

5. On November 24, 2007, prior to the 12:40 p.m. showing of the movie "Enchanted" in Theater 9 of the Regal Cinemas 14, an individual was observed on the CACS with what was believed to be a recording device pointed at the movie screen and covered with a coat. The individual was seated in the right rear corner of the theater, which gave him an unobstructed view of the screen.

6. The Metropolitan Police Department (MPD) was notified and asked to respond to assist. Officers Lashun Harvell and Michael Norris responded to the theater at approximately 1:25 p.m. and were escorted to the CACS where they also observed the individual with what appeared to be a recording device.

7. After further surveillance of the suspect, a representative of the Motion Picture Association of America (MPAA) approached the suspect and asked that he turn over the recording device. The lens of the recording device was facing the movie screen and was covered by a coat. The individual complied without incident. The device appeared to be recording when it was seized. The video camera was then turned over to the MPD officers as evidence. The evidence has been transferred to the custody and control of the FBI.

8. The recording device was later identified as a JVC brand, Everio Model GZHD7U, High Definition Video Camera, bearing serial number 12250431. The individual observed operating the device was identified as MICHAEL DWAYNE LOGAN.

9. A JVC Everio, Model GZHD7U, High Definition Video Recorder is a device that records moving and still images digitally on a 60 gigabyte internal hard drive. The device also has a slot for a removable storage medium of up to four gigabytes. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard

drives. This high definition video recorder also includes a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

10. The MPAA represents many motion picture production and distribution companies, including Disney Enterprises, Inc. Based on information received from the MPAA, I learned that the film "Enchanted" is a copyrighted motion picture and that LOGAN was not authorized to make a copy of it. Disney Enterprises, Inc. ("Disney") holds the copyright for the movie "Enchanted." Disney never grants permission for individuals to record Disney movies using video cameras and specifically, Disney never authorized LOGAN to record any of Disney's movies using a video camera.

11. The statute relevant to this investigation includes, but is not limited to, the following:

***Unauthorized Recording of Motion Pictures in a Motion Picture Exhibition Facility***, Title 18, United States Code, Section 2319B provides, in pertinent part:

> (a) Offense.--Any person who, without the authorization of the copyright owner, knowingly uses or attempts to use an audiovisual recording device to transmit or make a copy of a motion picture or other audiovisual work protected under title 17, or any part thereof, from a performance of such work in a motion picture exhibition facility, shall–
>
> (1) be imprisoned for not more than 3 years, fined under this title, or both ...

12. Your affiant believes that there is probable cause to believe that **MICHAEL DWAYNE LOGAN,** did engage in activities that constitute violations of Title 18, United States Code, Section 2319B and respectfully requests an arrest warrant for this crime.

13. Your affiant respectfully submits that these facts provide probable cause that Michael Dwayne Logan did knowingly attempt to use an audiovisual recording device to transmit or make a copy of a motion picture, in violation of Title 18, United States Code, Section 2319(B). Accordingly, your affiant requests that the Court issue a complaint and arrest warrant charging

Michael Dwayne Logan with Unauthorized Recording of Motion Pictures in a Motion Picture Exhibition Facility of a Public Official, in violation of Title 18, U.S.C. § 201(b)(1).

_____
Cynthia Paige Pinson
Federal Bureau of Investigation

Subscribed and sworn to me this_____day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

5